# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:24-CV-00225-KDB-DCK

| | |
|---|---|
| ANWAR A. AALAAM, | |
| **Plaintiff,** | |
| v. | **ORDER** |
| JESSIE CONLEY, | |
| **Defendant.** | |

**THIS MATTER** is before the Court sua sponte to consider if this Court has subject matter jurisdiction over Plaintiff's claims against his ex-wife's attorney arising in connection with his divorce in the North Carolina state courts. (Doc. No. 1). For the reasons discussed below, the Court finds that the federal courts have no jurisdiction over this dispute (which appears frivolous in any event) and will dismiss this action accordingly. Also, in light of Plaintiff's repeated and continuing filing of harassing, duplicative and frivolous complaints, the Court will order Plaintiff to show cause why the Court should not impose a pre-filing review system upon all future filings to prevent further abuse of the judicial process.

## I.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure Rule 12(h)(3), the Court may sua sponte consider the issue of subject matter jurisdiction at any time. *See* Fed.R.Civ.P. 12(h)(3). Where the Court determines "that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id*.; *see also Arbaugh v. Y&H Corp*., 546 U.S. 500, 506 (2006) ("[t]he objection that a federal court lacks subject-matter jurisdiction [ ] may be raised by a party, or by a court on its own initiative, at any stage in the litigation"). Federal Courts' subject matter jurisdiction is "limited and [a court]

1

may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Unless a matter involves an area over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 ("federal question jurisdiction"), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction").

In addition to the Court's obligation to ensure that it has jurisdiction to hear a claim, every filing in this Court is subject to review pursuant to the inherent authority of this Court to confirm that a plaintiff has standing and the case is not frivolous. *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012); *Ferguson v. Wooton*, 741 F. App'x 955 (4th Cir. 2018) (collecting cases and explaining that "[f]rivolous complaints are subject to dismissal pursuant to the district court's inherent authority, even when the plaintiff has paid the filing fee" and that "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint"); *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee"); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). "[I]t is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith." *Brown v. Maynard*, No. L–11–619, 2011 WL 883917, at *1 (D. Md. Mar. 11, 2011) (citing cases). Therefore, a court has

2

"the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action is factually or legally frivolous." *Id.*

Finally, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## II.   FACTS AND PROCEDURAL HISTORY

Plaintiff filed his Complaint in this action – describing himself as a "vessel"[1] and the "registered agent and beneficiary of the legal fiction Anwar A. Aalaam" – against Jessie Conley, who served as legal counsel to Plaintiff's former wife in their North Carolina state court divorce, *Sara A. Aalaam v. Anwar A. Aalaam* (Case No. 24 CVD 1757) (Iredell County, NC District Court). (Doc. No. 1). Both Plaintiff and Defendant are residents of North Carolina. *Id*. Plaintiff alleges that Ms. Conley "breached her fiduciary duty" under the North Carolina Rules of Professional Conduct by "engaging in multiple acts of Defamation, Trustee Malfeasance, Abuse of Process and Breach of Trust." He alleges that the Court has jurisdiction over this action based on "NCGS § 1-

---

[1] Because of the other clear grounds requiring dismissal of this action, the Court will not address Plaintiff's standing to pursue this action as a "vessel" or "legal fiction" rather than as a "person," but notes that under Article III, a federal court may resolve only "a real controversy with real impact on *real persons*." *B.R. v. F.C.S.B.*, 17 F.4th 485, 492–93 (4th Cir. 2021) quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) (emphasis added).

75.3" and 42 U.S.C. § 1983 because Ms. Conley was acting as an "officer of the court" when she allegedly violated Plaintiff's constitutional "due process rights." (Doc. No. 1 at 5-6).

### III.     DISCUSSION

Jurisdiction refers to "the courts' statutory or constitutional *power* to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94. Few, if any, precepts are more fundamental than that "'federal courts are courts of limited jurisdiction,' constrained to exercise only the authority [1] conferred by Article III of the Constitution and [2] affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978)).

"A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). To the extent Plaintiff contends that North Carolina state law provides the grounds for jurisdiction, he is incorrect. This action is between citizens of the same state and thus cannot proceed under the Court's diversity jurisdiction. With respect to federal question jurisdiction, Plaintiff asserts that he has alleged a federal law claim under Section 1983. Again, he is wrong. To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color

4

of state law. *See* 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. ——, 143 S.Ct. 1444 (2023).

However, Defendant Conley is not a state actor. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *see also Davidson v. Ratliff*, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). As such, Defendant Conley, a private party, is not subject to suit under § 1983 and Plaintiff cannot assert jurisdiction under that federal statute. *See Browning v. Mecklenburg Cnty*., No. 3:24-CV-00389-KDB, 2024 WL 1662788, at *2 (W.D.N.C. Apr. 17, 2024); *Taylor v. McDevitt*, No. 5:20-CV-196-KDB-DSC, 2021 WL 1341044, at *2 (W.D.N.C. Apr. 9, 2021). Therefore, Plaintiff cannot establish either federal question or diversity jurisdiction and this case must be dismissed.

### III. Pre-Filing Review System

Pursuant to Rule 11, the Court may impose sanctions to deter abusive litigation tactics. <u>See</u> Fed. R. Civ. P. 11(b)–(c) ("[T]he court may impose an appropriate sanction" on a party whose filings are intended to "harass, cause unnecessary delay, or needlessly increase the cost of litigation."). The Court also has the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc*., 501 U.S. 32, 44–45 (1991).

A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the

courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id.* "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Vandyke v. Francis*, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting *Black v. New Jersey*, No. 7:10-CV-57-F, 2011WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to Plaintiff's history of frivolous, vexatious, and duplicative litigation in this Court, the Court concludes that the imposition of a pre-filing review system is warranted. Plaintiff has now filed five lawsuits in this Court, four within the last 30 days:

5:24-cv-00127-KDB-DCK    Aalaam v. Movement Mortgage, LLC (5/20/24)

5:24-cv-00209-KDB-DCK    Aalaam v. TransUnion, LLC et al (09/24/24)

5:24-cv-00213-KDB-DCK    Aalaam v. Movement Mortgage, LLC et al (09/30/24)

5:24-cv-00225-KDB-DCK    Aalaam v. Conley (10/17/24)

5:24-cv-00226-KDB-SCR    Aalaam v. Graham (10/18/24)

The Court dismissed the first case on August 21, 2024. In that dismissal the Court stated that Plaintiff's claims "have been consistently rejected by federal courts as frivolous and insufficient to withstand a motion to dismiss," and made clear to the Plaintiff its view that "this case has plainly been a waste of Plaintiff's and Defendant's time and money and the Court's resources." Plaintiff failed to heed the Court's admonition and filed two Motions for Reconsideration, which the Court denied on August 29, 2024 and September 11, 2024. The third

lawsuit[2] appears to raise issues duplicative of Plaintiff's dismissed first action related to Plaintiff's mortgage on the property located at 100 Brookmeade Drive in Statesville, North Carolina. The fourth lawsuit is this action, which should not be in federal court, and is frivolous as discussed above. And, the fifth action – also related to Plaintiff's divorce – asserts clearly barred claims against the North Carolina state court judge who presided over that case (and is thus immune from claims arising out of his rulings). Plaintiff's conduct is also burdensome on the Court, having caused the Court to expend considerable time and resources addressing his filings.

Taking into account all these circumstances (including the fact that the filings are getting more frequent and further afield from stating a legitimate complaint), the Court concludes that the Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system. However, before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. *See Vandyke v. Francis*, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *1, *3 (W.D.N.C. July 3, 2012). If the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." *Id.* at *3.

---

[2] Plaintiff's second lawsuit asserts claims under the Fair Credit Reporting Act relating to allegations of the "unauthorized reporting of consumer information." No answer or other response has yet been filed and the Court has no view as to the merits of that action.

**IT IS, THEREFORE, ORDERED** that:

(1)     This action is **DISMISSED** for lack of subject matter jurisdiction; and

(2)     Within fourteen (14) days of the entry of this Order, the Plaintiff shall file a single document, not to exceed more than five (5) pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system. The Plaintiff is expressly warned that his failure to fully comply with this Order will result in the Court's imposition of a pre-filing review system for Plaintiff's future filings.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 21, 2024

Kenneth D. Bell
United States District Judge